UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00470-FDW-DSC

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JULIO GONZALEZ VILLEGAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court upon Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. (Doc. No. 6). As the Court is considering evidence outside the pleadings, it will construe Defendant's as one for summary judgment. Because Plaintiff failed to either respond to Defendant's motion or participate in discovery, this matter is ripe for disposition. For the reasons explained below, Defendant's Motion for Summary Judgment is GRANTED.

## 1. STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the burden shifts and the non-moving party must then "set forth specific facts showing that there is a genuine

issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (quoting Fed.R.Civ.P. 56(e)).

Simply "rest[ing] upon the mere allegations or denials of [his] pleadings" is insufficient to survive a properly made and supported motion for summary judgment. Id. The non-moving party must adduce affirmative evidence, by means of affidavits or other verified evidence, showing that a genuine dispute of material fact exists. Id. Furthermore, neither "[u]nsupported speculation," Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1897), nor evidence that is "merely colorable" or "not significantly probative," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 1986) will suffice to defeat a motion for summary judgment. If the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, id. at 250, then, regardless of "any proof or evidentiary requirements imposed by the substantive law, summary judgment, if appropriate, shall be entered," Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (internal citations and quotations omitted). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. Zahodnick v. IBM Corp., 135 F.3d 911, 913 (4th Cir. 1997).

"Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'judgment as a matter of law.'" Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993). Therefore, the Court must review the motion and the materials submitted in support to determine if the moving party is entitled to summary judgment even where the adverse party fails to respond to the motion. Meyer v. Qualex, Inc., 388 F.Supp.2d 630, 634 (E.D.N.C. 2005); see also Fed.R.Civ.P. 56(e)(2).

## 2. DISCUSSION

Here, Defendant's motion for summary judgment makes the factual assertion that Defendant was not involved in the conduct that forms the basis of Plaintiff's Complaint. Plaintiff's failure to respond to the pending motion leaves that fact as uncontroverted. Because Defendant's involvement in the complained of behavior—specifically, the alleged illegal transmission of a program displayed at a commercial establishment—is an essential element of Plaintiff's claims, which Plaintiff cannot now establish, Defendant is entitled to judgment as a matter of law.

## 3. CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 6) is GRANTED.

**IT IS SO ORDERED.**

Signed: July 21, 2016

Frank D. Whitney
Chief United States District Judge